IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                      :          CASE NO. 10-00293

RAFAEL DELBREY RIVERA     :          CHAPTER 7

     Debtor               :

_____ : 

## OPINION AND ORDER

This case is before the court upon the Chapter 7 Trustee's (hereinafter referred to as the "Trustee") Motion for Sale of Property Free and Clear of Liens filed on March 22, 2012 (Docket No. 47). On April 13, 2012 Eliseo Reyes Coreano and Blanca I. Torres Martinez's (hereinafter referred to as the "Objectors") filed their Opposition to Motion for Sale by Trustee alleging that; (i) the Debtor wrongly established title to a real estate property and the Trustee erroneously transferred the same to Debtor's estate; and (ii) the Trustee "...embargoed and sold a piece of real estate property belonging to the herein appearing parties without recurring to the act of filing an action for collection of money against the principal debtors and the guarantors" (Docket No. 53). For the reasons set forth below the Trustee's Motion for Sale of Property is granted and the Objectors' Opposition to Motion for Sale by Trustee is denied.

### Facts and Procedural Background

Rafael Delbrey Rivera (the "Debtor") filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on January 20, 2010. On February 3, 2010, the Debtor filed a Motion to Convert Case under Chapter 13 to Case Under Chapter 7 pursuant to 11 U.S.C. §1307(a) (Docket No. 11). On February 3, 2010, the Debtor filed his Chapter 7 Statement of Current Monthly Income and Means Test Calculation, Statement of Financial Affairs, Chapter 7 Individual Debtor's Statement of Intention, Statistical Summary of Certain Liabilities and Related Data and the Summary of Schedules and the Schedules (Docket No. 12). The Debtor listed on Schedule B- Personal Property, that he was entitled to damages and property interests in the state court case, Delbrey Rivera v. Reyes Torres, et als., case number D AC-2006-1958 which was on appeal and the current value of Debtor's interest

was listed as unknown. On February 8, 2010, the court granted Debtor's motion requesting the conversion to Chapter 7 (Docket No. 14). The 341 meeting of creditors was scheduled for March 9, 2010 and continued and held on April 13, 2010 (Docket Nos. 16 & 23). At the meeting of creditors, the Trustee requested that the case be held open for potential asset recovery since he had to investigate and prosecute the pending cause of action in state court (Docket No 24). Subsequently, on June 7, 2010, the Trustee filed an Application for Appointment of Attorney for the estate to assist the Trustee in the collection of monies from a state court judgment stemming from a division of community property between the Debtor and his ex-wife, Elaine Marie Reyes Torres (Docket No. 28). On June 14, 2010, the court granted the Trustee's application to employ special counsel (Docket No. 29).

On March 22, 2012, the Trustee filed a motion for sale of property free and clear of liens pursuant to 11 U.S.C. §363(b) and (f) and included the terms and conditions of the sale in detail in said motion. The property is a residence located at Urb. Alturas de Sans Souci, No. B-1-, Street #3, Bayamón, Puerto Rico (Docket No. 47). The Trustee stated in this motion that he identified as property of the bankruptcy estate a civil action to collect a state court judgment related to a divorce proceeding settlement between the Debtor and his ex-wife, Elaine Marie Reyes Torres. The Debtor listed this particular lawsuit on Schedule B (Personal Property). The Trustee further stated that after numerous procedural incidents in state court, the $80,000 Judgment was collected through a state court public sale of the real property, in which Eliseo Reyes Coreano and Blanca I. Torres Martinez were the registered owners of the real estate property per the Property Registrar. The Trustee also informed the court that an eviction proceeding was completed to oust (dislodge) the residents of the real property. Moreover, the transfer of the property to the estate of Rafael Delbrey Rivera was completed and is evidenced by the Judicial Sale Deed #8 executed on November 15, 2011 before Notary Public Jennifer Odell Gonzalez (Docket No. 47, Exhibit 8-Judical Sale Deed). The Trustee informed the court that the presentation and recording of the Judicial Sales Deed will be done jointly with the deed to be prepared in conjunction with the sale of the property. The Trustee has obtained a private offer from Mr. Carlos A. Chardón Rivera for the property in the amount of $160,000.00.

On April 13, 2012, the Objectors filed their Opposition to Motion for Sale by Trustee alleging that; (i) the Debtor wrongly established title to a real estate property and the Trustee erroneously

transferred the same to Debtor's estate; and (ii) the Trustee "...embargoed and sold a piece of real estate property belonging to the herein appearing parties without recurring to the act of filing an action for collection of money against the principal debtors and the guarantors" (Docket No. 53). On April 17, 2012, the Trustee filed an Urgent Motion Requesting Hearing and Reply to Opposition to Motion for Sale in which he summarizes the numerous state court proceedings regarding the collection of a divorce proceeding settlement which consist of the following: (i) the state court Judgment in case No. D AC2006-1958, consists of a settlement agreement executed amongst the parties in open court; namely the Debtor, his ex-wife (Elaine Marie Reyes Torres), the Objectors (the ex-wife's parents) and the Debtor's parents. The agreement consists in that the Debtor's ex-wife (Elaine Marie Torres Reyes) has agreed to satisfy the $80,000.00 debt in 180 days through the liquidation of the above mentioned real estate property. Moreover, Blanca I. Torres Martinez and Eliseo Reyes Coreano, as titleholders of said property, agreed to execute in five (5) days a promissory note issued to holder in the amount of $80,000.00 with a term of 180 days. Mr. Rafael Delbrey Rivera after receiving the promissory note would then issue the same to his parents (Rafael Delbrey Pérez and Emma Rivera Cintrón) to offset a collection of monies claim. The state court Judgment which details the settlement agreement dated October 23, 2009 states that all the parties were represented by counsel and provides the names of the same; (Docket No. 56, Exhibit 1); (ii) the state court Judgment after the same was notified to all parties on November 6, 2009 became final, firm and unappealable on December 7, 2009 as recognized by a Resolution rendered on March 9, 2010, by the State Appellate Court for the Judicial Regions of Bayamón and San Juan, which discloses that the appellants Eliseo Reyes Coreano and Blanca I. Torres Martínez appealed the state court judgment after the jurisdictional term had lapsed, thus leaving the Appellate Court without jurisdiction to entertain this matter (issue) (Docket No. 56, Exhibit 2); (iii) pursuant to 11 U.S.C. §541, the state court Judgment became property of the bankruptcy estate and the Trustee proceeded the collection of the same; (iv) on December 15, 2010, the state court held that the state court Judgment had been breached, given that the real property had not been liquidated and the promissory note had not been rendered, thus the court ordered the writ to register a prohibition to sell, transfer or alienate annotation and preventive embargo(the writ of attachment) to secure judgment against the real property in controversy. The same was recorded by

the Property Registrar as evinced by title study of the property (Docket No. 56, Exhibits 4 & 5); (v) the state court Judgment was collected through a state court public sale of the real property in controversy on November 15, 2011 in which the Trustee, representing the bankruptcy estate of Rafael Delbrey Rivera, appeared as the purchaser of the real property in the Judicial Sale Deed #8 (Docket No. 56, Exhibit #7); (vi) the Trustee had to request from the state court a writ of eviction to oust the residents of the real property and obtain actual possession of the real estate property. The writ of eviction was registered and ordered on October 17, 2011 (Docket No. 56, Exhibit 8); and (vii) the Trustee informs the court that the transfer of the real estate property to the bankruptcy estate has not been recorded in the Property Registry because there are no funds available in the bankruptcy estate at this time (Docket No. 56, pg. 5).

A hearing was held on April 27, 2012 in which the court granted the parties until May 4, 2012 to supplement their respective positions, particularly as to the status of matters before the state court (Docket No. 65). On May 4, 2012, the Trustee filed his Motion in Compliance with Court Order to Supplement Motion for Sale informing the court of the following: (i) on April 25, 2012, the Objectors filed an Urgent Motion in state court requesting that the judicial sale be set aside and declared null and void; (ii) "[d]uring the April 27th 2012 hearing before this Honorable Court, the [O]bjectors implied that the motion filed before State Court had new allegations never before considered by the Court;" (iii) "...the [O]bjectors' allegation that the [T]rustee had to initiate separate proceedings to collect the [J]udgment against them; stems from an incorrect premise; that is, that the [O]bjectors never owed any money to debtor Rafael Delbrey Rivera or to the bankruptcy estate; and (iv) "[t]his same allegation has been raised before the Honorable State Court in at least six (6) different times" and have all been considered and denied by state court (Docket No. 68). On May 4, 2012, the Objectors filed a Second Motion in Opposition to Motion for Sale of Property by Trustee arguing that; (i) the state court Judgment rendered by the Court of First Instance, Bayamón Section (Case No. D AC2006-1958) "...only recognized a warrantee by them to pay in case the principal (Elaine Reyes Torres) fails to pays the principal amount, not to the Debtor, but to Codefendants Rafael Delbrey

Pérez and his wife, Emma Rivera Cintrón;" (ii) Articles 1729 and 1730[1] of the Puerto Rico Civil Code, 31 L.P.R.A. §§4891 & 4892 establish the responsibility of a warrantor (surety) regarding the debts guaranteed by the same to the principal and details the exceptions when application of debtor's property cannot take place and thus, the surety is compelled to pay a creditor; (iii) "the Judgment entered by the Bayamón state court clearly established that the debt accepted by the principal, Mrs. Reyes Torres, was directly assigned by the [J]udgment to Mr. Rafael Delbrey Pérez and his wife Emma Rivera Cintrón, persons who are not the Debtor in this case. Therefore, there was no obligation of the principal debtor, Mrs. Reyes Torres with the Debtor in this case, and the credit in controversy does not belong to the estate of the Debtor;" (iv) "[t]he herein appearing party, according to that [J]udgment entered by the State Court, were warrantors and not debtors of Mr. Rafael Delbrey Rivera. They were not debtor[s] to that [e]state, and therefore, the [J]udgment if marital settlement could not be a basis for the execution of a [J]udgment which has not declared them debtors of the Debtor, Mr. Delbrey Rivera, and therefore, the embargo and execution of the above described property at the State Court level was one totally illegal. That is why the herein appearing party is contesting it at State Court;" and (v) "...the title to of the property at [the] present time is in a process of litigation, before the State Court of Puerto Rico." (Docket No. 69).

On June 15, 2012, the Trustee filed a Motion Requesting Order granting the motion for sale of property free and clear of lines and informing the court that on May 14, 2012, the Trustee filed a State Court motion in opposition to the Objectors request to void or set aside the public sale and the state court has not ruled (adjudicated) on the same as of the filing date of this motion (Docket No. 70, Exhibit 1). On June 18, 2012, the Trustee filed a Supplemental Motion Requesting Order informing

---

[1] Article 1729 of the Puerto Rico Civil Code provides; "[t]he surety cannot be compelled to pay a creditor until application has been previously made of all the property of the debtor." 31 L.P.R.A. §1729.

Article 1730 of the Puerto Rico Civil Code provides; "[t]his application of debtor's property cannot take place: 1. If the surety has expressly renounced it. 2. If he has jointly bound himself with the debtor. 3. In case of bankruptcy of the debtor. 4. When the debtor cannot be judicially sued within Puerto Rico." 31 L.P.R.A. §4892.

5

the court that he received notification of a state court Order dated June 14, 2012, in response to the most recent Objectors' request and the Trustee's opposition whereby the Order states that, "No remedy to provide, refer to ruling notified on March 26, 2012." The March 26, 2012 state court ruling denies the Objectors' last reconsideration request filed on March 12, 2012 (Docket No. 71, Exhibit 2). On July 6, 2012, the Objectors filed a Motion Answering Motion Requesting Order arguing that; (i) the state court has not definitely decided on our motion to set aside the public sale held by the Marshall of said Court; (ii) Banco Cooperativo de Puerto Rico, mortgage creditor, has filed in state court an action, Banco Cooperativo de Puerto Rico v. Eliseo Reyes Coreano, et. als (Case No.DCD 2012-1747) to execute the mortgage that affects the real estate property in controversy; (iii) Banco Cooperativo de Puerto Rico, as a preferential creditor, is an indispensable party in this case which has not been included; and (iv) the Objectors will appeal any determination from state court that holds that the public sale held before said court was valid (Docket No. 72). On August 2, 2012, the Trustee filed a Second Motion Requesting Order granting the motion to sell the property free and clear of liens and informing the court of the following; (i) that the Objectors have subsequently filed a certiorari before the Appellate Court for the Bayamón and San Juan Judicial Regions requesting that the state court Resolution be reversed and thus find that the public sale was null and void; (ii) the Trustee will timely file an opposition to the certiorari based on procedural and substantive grounds; and (iii) the Trustee has requested the state court to stay the *in rem* proceedings to foreclose what is now property of the bankruptcy estate and also points out that this mortgage is not being paid at this time, and thus interests and penalties continue to accumulate on the same (Docket No. 73). Lastly, on September 5, 2012, the Trustee filed his Third Motion Requesting Order or Hearing and informing the court of the following; (i) on August 24, 2012 the Appellate Court issued a Resolution dismissing the certiorari filed by the Objectors due to lack of jurisdiction, for failure to notify all parties in interest. The Resolution also states that the allegations made in the certiorari filed by the Objectors have been considered, denied, re-considered and denied again in multiple occasions by the state court; and (ii) the state court has stayed the *in rem* proceedings to foreclose on the property after reviewing the evidence provided by the Trustee evincing that the real estate property is part of the bankruptcy estate of Rafael Delbrey Rivera (Docket No. 75, Exhibits 1 & 2).

<u>Applicable Law and Analysis</u>

This court recently analyzed the Rocker-Feldman doctrine in the case of <u>Rodriguez Vasquez v. Reo Properties Corp. (In re Vasquez)</u>, 467 B.R. 550 (Bankr. D.P.R. 2012). After a thorough review of all the state court and Appellate Court filings, this court finds *sua sponte* that the Rooker-Feldman doctrine is applicable in the instant case and thus the legal issues the Objectors bring forth to the bankruptcy court have already been adjudicated in state court and Appellate Court and the same are firm, final and unappealable. In <u>In re Vasquez</u>, this court provided the applicable law pertaining to the Rooker-Feldman doctrine, which is as follows;

"Under 28 U.S.C. § 1257, only the United States Supreme Court has jurisdiction to hear appeals from final state court judgments. Under 28 U.S.C. § 1331, federal district courts can only exercise "original jurisdiction", not appellate jurisdiction. The Supreme Court merged the two statutes in two cases: <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), commonly known as the <u>Rooker-Feldman</u> doctrine.

The <u>Rooker-Feldman</u> doctrine is "jurisdictional in nature" and therefore "if a case is dismissed because the <u>Rooker-Feldman</u> doctrine applies, it means the court has no subject-matter jurisdiction to hear the case." <u>Mills v. Harmon Law Offices, P.C.</u>, 344 F.3d 42, 44 (1st Cir. 2003), citing <u>In re Middlesex Power Equip. & Marine, Inc.</u>, 292 F.3d 61, 66 (1st Cir. 2002). Consequently, "it cannot be waived". <u>In re Zambre</u>, 306 B.R. 428, 432 (Bankr. D. Mass. 2004), citing <u>In re Stoddard</u>, 248 B.R. 111, 120 (Bankr. N.D. Ohio 2000). That is why a court can raise the issue *sua sponte*. See <u>Mills v. Harmon Law Offices, P.C.</u>, 344 F.3d at 44. The doctrine is rooted in various principles: it (a) enforces constitutional separation of powers and the limited jurisdiction of federal courts; (b) advances interests of federalism by protecting state court judgments; (c) recognizes that state courts are fully competent to adjudicate state and federal claims; and (d) protects finality in the judicial system. See Dustin E. Buehler, <u>Revisiting Rooker-Feldman</u>, 36 Fla. St. U. L. Review, 373, 377 (2009), Williamson B.C. Chang, <u>Rediscovering the Rooker Doctrine</u>, 31 Hastings L. J. 1337, 1350 (1980), and George L. Proctor *et al.*, <u>Rooker-Feldman and the Jurisdictional Quandary</u>, 2 Fla. Coastal L. J. 113, 114 (2000). Its rationale is that only the United States Supreme Court has jurisdiction over appeals from the state courts under 28 U.S.C. § 1257. See <u>Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.</u>, 401 F.3d 17, 21 (1st Cir. 2005).

In essence, the <u>Rooker-Feldman</u> doctrine prohibits lower federal courts to sit in direct review of final state court judgments --unless Congress has specifically authorized such relief-- and that therefore federal courts should not become a court of appeals for state court decisions. See <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005); <u>Miller v. Nichols</u>, 586 F.3d 53, 58 (1st Cir. 2009) ("<u>Rooker-Feldman</u> bars jurisdiction whenever parties who lost in state court seek review and rejection of that judgment in federal court"); <u>Puerto Ricans for P.R. Party v. Dalmau</u>, 544 F.3d 58, 68 (1st Cir. 2008); <u>Schwartz v. Schwartz (In re Schwartz)</u>, 409 B.R. 240, 246-247 (B.A.P. 1st Cir. 2008). <u>Also see generally</u> 18B Wright, Miller & Cooper, <u>Federal Practice and Procedure</u> 2d § 4469.1, at pp. 100-01, 127-37 (2002). The doctrine bars a losing party in state court to file a suit in a federal district court --after the state proceeding has ended-- to complain of an injury caused by the state-court decision and seek review and rejection of the state-court judgment. <u>Exxon Mobil Corp v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005). It forecloses lower federal court jurisdiction where the issues in the case are "inextricably intertwined" with controversies adjudicated by a state court. See <u>Mills v. Harmon Law Offices, P.C.</u>, 344 F.3d at 44. A federal claim is "inextricably intertwined" with state court claims "if the federal claim succeeds only to the extent

7

that the state court wrongly decided the issues before it." Sheehan v. Marr, 207 F.3d 35, 39-40 (1st Cir. 2000). In other words, the Rooker-Feldman doctrine precludes a federal action if the relief sought in the federal court "would effectively reverse the state court decision or void its holding." Halvorsen v. Mendez (In re Mendez), 246 B.R. 141, 146 (Bankr. D.P.R. 2000).

Concerned that some lower courts were construing the Rooker-Feldman doctrine too broadly, in Exxon Mobil Corp v. Saudi Basic Industries Corp., 544 U.S. at 284, the Supreme Court ruled that the doctrine should be "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers ... inviting district court review and rejection of [the state court's] judgments." Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 401 F.3d 17, was the first case ruled by the Court of Appeals for the First Circuit after Exon Mobil. In it, the Court of Appeals held that the Rooker-Feldman doctrine applies in limited circumstances where the losing party files the action in federal court after the state proceedings have "ended". 410 F.3d at 24. A state court judgment is sufficiently final for the application of the Rooker-Feldman doctrine when the state proceeding has ended; if the federal proceedings are begun before the state proceedings have ended then the doctrine does not deprive the federal court of jurisdiction. Id. at 24, citing Exxon Mobil, 125 S.Ct. at 1526. The Court of Appeals described three situations, or tests, to determine whether state proceedings have "ended." 410 F. 3d at 24. First, state proceedings have ended "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." Id. That is not the case in the instant adversary proceeding. Second, state proceedings have ended "if the action has reached a point where neither party seeks further action." Id. Lastly, state proceedings have ended, for purposes of the Rooker-Feldman doctrine, on the federal questions, "if the state court proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions remain to be litigated." Id.

In Puerto Rico, a judgment is a decision that finally resolves the controversy before the State Court so that an appeal may be taken. See P.R. Rule 42.1 of Civil Procedure, 32 L.P.R.A. Ap. V R. 42.1 (2009), and U.S. Fire Insurance Co. v. Autoridad de Energia Electrica, 151 D.P.R. 962, 967 (2000). A judgment becomes final and firm ("final y firme"), ergo executable, when it is no longer appealable or subject to reconsideration. Suarez Morales v. Estado Libre Asociado de Puerto Rico, 162 D.P.R. 43, 62 (2004), citing Bolivar v. Aldrey, 12 D.P.R. 273 (1907). Also see Pagán del Joglar v. Cruz Rivera, 136 D.P.R. 750, 757 (1994); Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 654 (1987); Figueroa v. Bayron, 75 D.P.R. 987, 989 (1954)." In re Vasquez, 467 B.R. at 552-554.

The court finds that in the instant case, there are two state court Judgments which after having been appealed have both become final, firm and unappealable. The first state court Judgment was rendered on October 23, 2009 in the case of Rafael Delbrey Rivera vs. Elaine Marie Reyes et. als. (Civil Case No. D AC2006-1958) regarding the settlement agreement constituted amongst the Objectors, the Debtor, the Debtor's ex-wife and the Debtor's parents. The settlement agreement was executed with the purpose that the Debtor's ex-wife, Elaine Marie Reyes Torres would satisfy a debt stemming from the division of conjugal assets proceeding in the amount of $80,000.00 which she owed to the Debtor. The Objectors appealed this state court Judgment, which constitutes a settlement agreement, to the Appellate Court for the Judicial Regions of Bayamón and San Juan in Case No. KLCE201000085, and the Appellate Court issued a Resolution on March 9, 2010, finding that the

8

parties appealed tardily, and thus the Appellate Court lacked jurisdiction to entertain the appeal. The Objectors also appealed a state court resolution (entered on June 22, 2012 and notified on July 3, 2012) rendered in the same case (Civil Case No. D AC2006-1958) dismissing ("no ha lugar") the Objectors' motion to annul (void) the judicial sale in which the Trustee acquired (purchased) the real estate property in controversy on September 15, 2011. The Appellate Court for the Judicial Regions of Bayamón and San Juan in Case No. KLCE201200960, and the Appellate Court issued a Resolution on August 24, 2012, finding that it lacked jurisdiction because the appellants failed to notify all parties of this appeal within the statutory term. This court concludes that the state court's Judgments have become final, firm and unappealable regarding the finality of the Judgment which discloses the settlement agreement amongst the parties, the execution of the settlement agreement via the judicial sale of the real estate property and the validity of the judicial sale. Thus, the bankruptcy court concludes that it is devoid of subject-matter jurisdiction to entertain the issues brought forth by the Objectors which were already adjudicated in state court.

Conclusion

For the reasons stated above, this court concludes that the Rooker-Feldman doctrine is applicable in the instant case, since the controversies brought forth by the Objectors have already been adjudicated by state court and the same are final, firm and unappealable. Thus, this court lacks subject mater jurisdiction to entertain the same.

In view of the foregoing, the Trustee's Motion for Sale of Property is GRANTED and the Objectors' Opposition to Motion for Sale by Trustee is DENIED.

SO ORDERED.

In San Juan, Puerto Rico, this 10th day of October 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge

9